UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN H. DEMAREST AND DEBORAH A. DEMAREST, husband and wife,<br><br>               Plaintiffs,<br><br>   vs.<br><br>CITY OF LEAVENWORTH, a municipal corporation;<br><br>               Defendant. | NO. CV-11-0072-JLQ<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND GRANTING LIMITED STAY** |

BEFORE THE COURT is Plaintiffs' Motion for Preliminary Injunction Re: Portable Signs and Political Signs (**ECF No. 4**), to which the Defendant City of Leavenworth objects.  Plaintiffs request a preliminary injunction enjoining the City from enforcing its allegedly unconstitutional sign ordinance.  The City has filed a Motion to Stay Lawsuit (**ECF No. 18**).

## I.    Factual and Procedural Background

Leavenworth is a city in central Washington which has adopted an "Old World Bavarian Alpine" theme to attract business and foster tourism.   Since July 2007, the Demarests have owned the "Das Sonnenhaus" building located at 321 9th St. in the central commercial district in Leavenworth.   The building is a mixed-use commercial building with multiple business, which among others, presently includes a hotel (Adventure Inn) and an outdoor beer garden (Der Hinterhof) which are owned by the Demarests.  The building is located a few hundred feet away from a pedestrian area called "Front Street."

The Demarests filed a pro se[1] Complaint against the City challenging the constitutionality of the City's then-existing sign ordinance.   The sign code, codified in the Leavenworth Municipal Code ("LMC") Ch. 14.10 describes design review requirements, exempt signs, prohibited signs, and dimensional and other standards for signage. The Complaint alleges the former city Sign Code made it impossible for the Demarests to post signage in any "meaningful manner." It alleges the Adventure Inn lost revenue and incurred damages because the Sign Code and the City's enforcement thereof prohibited the Demarests from utilizing:

- an on premise sign with the phone number and web address of Adventure Inn;
- a computer monitor mounted in an interior window playing a slide show of images of guest rooms of the Adventure Inn; and
- a freestanding on premise business listing sign to advertise the Adventure Inn.

The Complaint also alleges the beer garden, Der Hinterhof, lost revenue and incurred damages because the Sign Code and the City's enforcement thereof prohibited it from utilizing:

- a portable sandwich board sign on the sidewalk in front of Der Hinterhof that listed the daily special;
- a banner sign which hung on the side of the building saying "beer garden now open";
- a directional sign on a fence that was located at eye level;
- helium balloons tied to a fence;
- temporary off-site signage advertising live music,
- a temporary sign on the roof covering breeze way entrance; and
- a LED sign board ("Electronic Message Center") .

---

[1] The court notes Mr. Demarest is an attorney licensed to practice in the state of Washington.

Under the former sign code, unless the sign fell into an exempt category, such as real estate or temporary community service event, it was unlawful to maintain off-site signs (that is, off of private property) or portable signs, such as sandwich board signs. In 2009, when the Demarests placed a sandwich-board on the sidewalk immediately in front of their business property, the City issued the Demarests a Notice of Violation assessing a civil fine in the amount of $250 for each day the sign remained on or after September 1, 2009. The Demarests were informed the sign was in violation of the ordinance prohibiting off-site as well as portable signs. The Complaint alleges the City withdrew the Notice of Violation during the Demarests' administrative appeal. The City's former Sign Code also prohibited political signs in the central commercial district. Plaintiffs claim it prevented them from placing a sign encouraging voters to vote in elections such as a school bond and levy.

The Complaint alleges the (now former) ordinance was overbroad (preventing them from advertising in any "meaningful manner"), was a prior restraint on the commercial and non-commercial speech rights in a manner that is more extensive than necessary to serve the City's interests, lacked procedural safeguards, and was unevenly and selectively enforced by city officials. The Demarests' Complaint seeks declaratory and injunctive relief, damages, and attorney fees against the City pursuant to 42 U.S.C. § 1983 and § 1988.

On February 23, 2011, Plaintiffs filed a Motion for Temporary Injunction Re: Portable Signs and Political Signs (ECF No. 4). Less than a month after the filing of this lawsuit and in response to the claims made by Plaintiffs, on March 8 and March 22, 2011 the City adopted Interim Control Ordinance, effective for six months, which amended the sign code. *See* ECF No. 15 (Decl. of Connie Krueger). Relevantly, the interim code lifted the restriction of the posting of political signs in the commercial district. Plaintiffs have accordingly withdrawn that portion of their Motion for Preliminary Injunction regarding political signs. ECF. No. 12. The interim code now allows "on site" (that is, on private property) portable signs and permits the use of "off-

ORDER - 3

site" portable signs in designated City right-of-way areas called Designated Sign Areas ("DSAs").  The City also adopted a resolution creating eight DSAs.  ECF. No. 15, Ex. F.  None are located adjacent to Plaintiffs' building.  According to Plaintiffs, the closest DSA to Der Hinterhof is four blocks away.

The City opposes the Motion for Temporary Injunction and has also filed a Motion to Stay Lawsuit (ECF. No. 18), which is opposed by Plaintiffs.

**II.    Analysis**

Though the Complaint challenges many aspects of the City's former sign ordinance, the only challenge relevant to the Motion for Preliminary Injunction is the City's regulation of commercial advertising on offsite portable signs.  Specifically, this motion concerns Plaintiffs request that the court to enjoin the City from enforcing the regulation which currently prohibits them from placing a portable sandwich board sign on the sidewalk adjacent to their property.   Plaintiffs assert that the City's regulation and inconsistent regulation of off-site portable signage causes the City's sign code (both former and present) to fail to meet the commercial speech standards set forth in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557 (1980).  Plaintiffs assert the sign code places significant burdens on commercial speech without advancing the City's traffic, safety, and aesthetic interests.

**A.    Mootness and Changes in the City's Sign Ordinance**

The City opposes the Plaintiffs Motion for Preliminary Injunction arguing the amendment of the contested ordinance moots Plaintiffs' injunction request.  According to the City, under the new sign ordinance, Plaintiffs are precluded from any form of relief as the City has "ceased any allegedly harmful conduct."  ECF. No. 14 at 7.  The City alleges the Plaintiffs may not pursue injunctive relief against an ordinance no longer in existence.  Plaintiffs respond that the new ordinance does not moot the current motion or the controversy because both the former and current ordinance are constitutionally infirm and the ordinance continues to prohibit them from placing a sandwich board on the sidewalk adjacent their building.  ECF No. 22 at 6.

Resolution of the question of mootness is essential if "federal courts are to function within their constitutional sphere of authority." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Mootness, like standing, is a doctrine that "if it turns out that resolution of the issue presented cannot really affect the plaintiff's rights, there is, generally speaking, no case or controversy for the courts to adjudicate; no real relief can be awarded." *Smith v. University of Washington, Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). An action is moot where the issues presented are no longer "live" or when the parties lack a cognizable interest in the outcome. *Jacobus v. Alaska*, 338 F.3d 1095, 1102 (9th Cir. 2003). For instance, in many cases a case becomes moot when a challenged law is repealed or expires. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987) (bill expired during pendency of appeal, rendering moot the question of whether the president's pocket veto prevented it from becoming law); *Diffenderfer v. Central Baptist Church*, 404 U.S. 412, 414 (1972) (challenged law was repealed while case was on appeal, rendering the case moot); *Princeton University v. Schmid*, 455 U.S. 100, 103 (1982) (case mooted by substantial amendment of challenged regulations).

There are exceptions to the mootness doctrine. For example, where the defendant's conduct is a wrong "capable of repetition, yet evading review," or when the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time. *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). If a new statutory provision has not manifestly changed a law, a controversy arising under the old statutory provision is capable of repetition in the new provision, and therefore does not render the controversy moot. *In re Bunker Ltd. P'ship*, 820 F.2d 308, 312 (9th Cir. 1987). Similarly, repeal of a statute does not moot a case where a city has already replaced it with an ordinance that is substantially similar. *Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 662 n. 3, (1993)).

The court finds the Plaintiffs' motion for injunctive relief regarding the City's portable sign regulation is not moot. The City's new code did not substantially change

the portable sign laws as it pertains to the challenge raised by Plaintiffs in this lawsuit. Both the former and the current code restricts commercial speech on portable signs on the off-site location adjacent to Plaintiffs' building. Specifically, under the former and the current versions of the code, Plaintiffs are prohibited from utilizing a sandwich board on the sidewalk adjacent to their business.  The Declaration of Connie Krueger, City Community Development Director, concedes that the off-site and portable sign regulations "were a difficult issue to address within the relatively abbreviated time period in which the interim control was drafted." ECF No. 15 at ¶ 13.  Accordingly, the City decided it would work on the "difficult to resolve issues" while working on the permanent code yet to be adopted.  *Id*.  The City's designation of eight Designated Sign Areas does not alter or moot Plaintiffs' challenge to the City's restriction of commercial speech at the off-site location immediately adjacent to Plaintiffs' property.  Accordingly, Plaintiff's motion is not moot and the court will proceed to review the merits of the requested injunction. *Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville, Fla*., 508 U.S. 656, 662 (1993).

**B.  Motion for Preliminary Injunction**

**1.   Legal Standard**

A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment.  *Textile Unlimited, Inc. v. A..BMH Co., Inc.*, 240 F.3d 781 (9th Cir. 2001) (*citing Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Plaintiffs seeking a preliminary injunction must prove by a clear showing that they are entitled to this "extraordinary remedy." *Earth Island Institute v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (*quoting Winter v. Natural Res. Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008)).  Plaintiffs are entitled to a preliminary injunction if they show that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest." *Cal.*

*Pharmacists Ass'n v. Maxwell-Jolly*, 596 F.3d 1098, 1104 (9th Cir. 2010), *cert. granted on other grounds*, --- U.S. ----, 131 S.Ct. 992 (2011).

### 2. Analysis

As stated above, Plaintiffs are required to show they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 129 S.Ct. At 374. Irreparable harm exists where monetary damages provide inadequate relief, for example in cases involving environmental damage or human suffering. *See, e.g.*, *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120, 1124 (9th Cir. 2005) (environmental); *Rodde v. Bonta*, 357 F.3d 988, 999 (9th Cir. 2004) (human suffering). "[A] preliminary injunction should only be granted if the movant does not have an adequate remedy at law." *Saini v. Intl Game Tech.*, 434 F.Supp.2d 913, 918-19 (D.Nev. 2006)(citations omitted). Applying these principles to the record here, the court finds Plaintiffs have not demonstrated they are likely to suffer irreparable harm.

Plaintiffs did not address the requirements for obtaining a preliminary injunction in their briefing.  However, the damage which could have been alleged to be irreparable in this case has likely already been suffered. For example, Plaintiffs' claim in their Complaint that they have lost customers as a result of the restrictions in the sign code. The damage from the loss of these customers has already been incurred and would not be remedied by entering a preliminary injunction at this stage. As such, any damages to the Plaintiffs are economic. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir. 1987) ("temporary economic loss alone generally is not a basis for injunctive relief"). Further, preliminary injunctions are not warranted where they are based on a generalized threat of lost revenue, market value, and goodwill. *Los Angeles Memorial Coliseum Com'n v. Nat'l Football League*, 634 F.2d 1197, 1202-03 (9th Cir.1980). Losses that are merely speculative are also insufficient to support a finding of irreparable harm; the injury,

rather, must be actual or imminent. *Goldie's Bookstore v. Sup Ct.,* 739 F.2d 466, 472 (9th Cir. 1984) (trial court's findings that plaintiff would lose goodwill and "untold" customers held speculative on appeal).

Any damages alleged by Plaintiffs have either already been suffered or are too speculative to conclude that irreparable injury is "likely" or to support granting a preliminary injunction.  The court also notes that Plaintiffs admit in their Reply brief that "...injunctive relief could be deferred at this time to allow a fuller development of the record through discovery to determine the reasonableness of the time, place and manner controls of the DSAs.  Given the several other opportunities for increased signage presented under the interim controls, the harm to Demarest going forward without an injunction is less then [sic] it was under the previous controls."  ECF. No. 22 at 9 n.1. Plaintiffs' Motion for Preliminary Injunction is **DENIED**.

**C. City's Motion to Stay**

The City has filed a Motion to Stay requesting a stay of proceedings while it is "working diligently to develop amendments and revisions to the sign regulations, and permanent new regulations will likely be in place in the next six months, following on-going public meetings and input."  The City argues "[a]llowing the City time to permanently enact the amendments will enable the Court to oversee litigation based upon permanent regulations and not regulations that either no longer exist, or exist in a state of flux."  *Id*. at 7.  According to the City, a six month stay is warranted in interests of judicial economy, and to avoid needless expenditure of time, money, and resources. ECF No. 18 at 1-2.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*,

708 F.2d 1458, 1465 (9th Cir .1983) (*quoting Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). Before granting a stay, a court must weigh the "competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962). The Ninth Circuit has identified three factors that must be weighed: (1) the hardship or inequity that a party may suffer in being required to go forward; (2) the possible damage that may result from granting a stay; and (3) the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

The City suggests that the litigation risks interrupting the City's ongoing amendment process and would result in "an advisory opinion on potentially abstract, hypothetical, and/or moot issues." ECF No. 24 at 3. The City believes the enactment of a permanent amendments to the sign code has the potential to resolve the claims herein. *See* ECF No. 24 at 8. In fact, this belief was memorialized in a written finding by the City Council stating that the interim code was intended in part "to provide resolution for ongoing legal cases." ECF No. 15, Ex. E at 92. However, in addition to injunctive relief, Plaintiffs' Complaint also seeks *damages* from the City's enforcement of the allegedly unconstitutional *former* sign code. The existence of the interim ordinance and the ongoing amendment process does not moot the claims for damages regarding the former sign code. *See also Carreras v. City of Anaheim*, 768 F.2d 1039, 1047 (9th Cir.1985) ("[R]epeal of the objectionable language [does] not deprive the federal courts of jurisdiction to decide the constitutional question because of the well-settled principle that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." (internal quotation marks omitted)). Moreover, based on the Plaintiffs' Reply, the court anticipates the Plaintiffs will seek leave to amend the Complaint to revise its claims to include a challenge to the interim code. While the City's work on permanent changes to the sign code might advance the prospects of *settlement* in this case, it does not present the prospect of

ORDER - 9

mooting or resolving Plaintiffs' present (not hypothetical) constitutional challenge to the former sign code. Accordingly, the prospect of permanent further changes to the sign code does not serve as a basis for a stay.

The City raises a legitimate concern that this litigation will require it to devote substantial resources to this litigation, while concurrently devoting resources to the process of adopting permanent sign code -- which the Plaintiffs might likewise challenge. At the same time, Plaintiffs have a legitimate interest in moving their case toward resolution and as they point out, the City has taken action on its sign code due to the prodding effect of the filing of this lawsuit.

Neither party presents a significant possibility of hardship or damage from the granting or denial of a short stay. The court however finds the orderly course of justice might benefit from a limited stay in that it will give the parties time to pursue settlement and allow Plaintiff the opportunity to consider whether to include in this lawsuit claims regarding the final version of the sign code. The court will therefore stay all discovery and motion practice at this time, but will proceed with the entry of a case management/scheduling order which will take into consideration the City's 6-month time frame indicated necessary to adopt of a permanent sign code.

///
///
///
///
///
///
///
///
///
///

**III. Conclusion**

ORDER - 10

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Preliminary Injunction (ECF No. 4) is **DENIED**;

2. Defendant's Motion to Stay (ECF No. 18) is **GRANTED IN PART,** to the extent the court stays all further discovery and motion practice, until further order of the court.

3. A telephonic status and scheduling conference shall be set for **May 17, 2011** at **1:30 p.m.**  The court will issue a separate notice pertaining to the conference.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to Plaintiffs and counsel for the Defendant.

**DATED** this 21st day of April, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11