UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN H. DEMAREST AND DEBORAH A. DEMAREST, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LEAVENWORTH, a municipal corporation;<br><br>Defendant. | NO. CV-11-0072-JLQ<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

BEFORE THE COURT is Plaintiffs' Motion for Preliminary Injunction (ECF No. 51) re: Projecting Sign (ECF No. 40), to which the Defendant City of Leavenworth objects.

The lead Plaintiff proceeding *pro se*, Stephen H. Demarest, is an attorney admitted to the practice of the law in 1983 in the state of Washington. Demarest is not admitted to practice in this court, although he is still an "active" member of the Washington State Bar. In recent years, Demarest purchased commercial property in the town or small city of Leavenworth, Washington, which has adopted an "Old World Bavarian-Alpine" theme. The town of Leavenworth is located in the Cascade mountains of the state of Washington. Demarest has, on an ongoing basis, challenged various aspects of the Leavenworth Sign Codes, and their enforcement, and in particular the application of "Bavarian" themes allegedly contained in or applied through the Sign Codes.

The Preliminary Injunction Motion initially asked the court to enjoin the City from

ORDER - 1

"pursuing enforcement action against Demarest relating to a single projecting sign pending the outcome of this action."  After the filing of the City's opposition to the Preliminary Injunction Motion, Demarest revised his request to one seeking only an injunction enjoining the City from "application of the Bavarian theme as a basis for review/removal of the sign pending the outcome of this case."  ECF No. 51.

I.     **Factual and Procedural Background**

The factual background of this case is outlined in the court's April 21, 2011 Memorandum Opinion denying Plaintiffs' first request for a preliminary injunction regarding portable signs.  ECF No. 25.  Since that decision, the Plaintiffs and the City reached a settlement resulting in a stipulated dismissal of the Plaintiffs' claims asserted in the Complaint (ECF No. 1) which were based upon the City's former Sign Code.

Plaintiffs were granted leave to file an Amended Complaint in this action, asserting only claims relating to the new City Sign Code which became effective on September 13, 2011.  On November 10, 2011, Plaintiffs filed an Amended Complaint seeking injunctive and declaratory relief based upon the contention that various provisions of the new Sign Code are unconstitutional.   Plaintiffs' claim includes a challenge to the City's requirement that signs be compliant with the City's "Old World Bavarian-Alpine theme."

In May or June 2011, several months after filing this lawsuit, without filing for or receiving a sign permit from the City, Demarest erected a new protruding sign above the breeze way roof of the Plaintiffs' commercial building. According to Demarest, he believed "a permit application would be pointless." ECF No. 40 at 3.  In a letter dated June 24, 2011, the City informed Demarest that a permit was required for such a sign, offered him a "voluntary correction agreement," and warned that no response to that option would result in the issuance of a Notice of Violation.  On August 19, 2011, the City sent a Notice of Violation and Order to Demarest advising him that the erection of a projecting sign without a permit violated the City ordinance.  On August 23, 2011, Mr. Demarest submitted a permit application.  The City determined the application was incomplete and in a September 22, 2011 Notice gave Demarest a new deadline to provide

the seven items he had failed to include in his application. Demarest did not respond or provide the requested items and by reason thereof, his permit application was denied on November 9, 2011.

On November 23, 2011, the City issued the Demarests an "Assessment of Civil Penalty" informing them that $250 had been assessed against them for the sign code violation and that they had 15 days to correct the violations or an additional $1,000 penalty would be assessed. The letter identified the Demarests' appeal rights. Demarest did not appeal.

On December 9, 2011, the City sent a second Assessment of Civil Penalty in the amount of $1,000, again informing the Demarests of their right to appeal. At that time, Demarests did not take corrective action or appeal, and instead filed the instant Motion for Preliminary Injunction.

**II.    Discussion**

Plaintiffs' Motion for Preliminary Injunction initially requested the court to enjoin the City's entire enforcement action relating to the new non-permitted protruding sign erected above the breezeway. After the filing of the City's response to the Preliminary Injunction Motion, Demarest stated in his Reply Memorandum that he agreed that they should proceed with an administrative appeal. Plaintiffs nevertheless continue to seek a preliminary injunction, only narrowing their request. In their Reply, Plaintiffs ask that court enjoin any action the City *might* take based upon its application of the Bavarian theme requirement "pending the outcome of this case."

**A. Preliminary Injunction Legal Standard**

The legal standard for issuance of a preliminary injunction has not changed since the court denied Plaintiffs' first motion. A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A..BMH Co., Inc.*, 240 F.3d 781 (9th Cir. 2001) (*citing Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Plaintiffs seeking a preliminary injunction must prove

ORDER - 3

by a clear showing that they are entitled to this "extraordinary remedy." *Earth Island Institute v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (*quoting Winter v. Natural Res. Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008)).  A party is entitled to a preliminary injunction if they show that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest." *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 596 F.3d 1098, 1104 (9th Cir. 2010), *cert. granted on other grounds*, --- U.S. ----, 131 S.Ct. 992 (2011).

**B. Analysis**

Plaintiffs have again failed to address in their opening brief any of the requirements for obtaining a preliminary injunction and have failed to establish any of the required elements.  For example, as stated above, Plaintiffs are required to show they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 129 S.Ct. At 374. Preliminary injunctions are not warranted where they are based on a generalized threat of lost revenue, market value, and goodwill. *Los Angeles Memorial Coliseum Com'n v. Nat'l Football League*, 634 F.2d 1197, 1202-03 (9th Cir.1980). Losses that are merely speculative are also insufficient to support a finding of irreparable harm; the injury, rather, must be <u>actual</u> or <u>imminent</u>. *Goldie's Bookstore v. Sup Ct.,* 739 F.2d 466, 472 (9th Cir. 1984) (trial court's findings that plaintiff would lose goodwill and "untold" customers held speculative on appeal).

There is no evidence that Plaintiffs face actual or imminent irreparable harm. Indeed, Plaintiffs now recognize the administrative process could provide them relief. Plaintiffs' only assert a *generalized* threat of lost revenue, *if* their new sign must be removed.  This general contention is inadequate.  More to the point, Plaintiffs have provided no evidence that they are likely to suffer irreparable harm based upon the City's application of the City's Bavarian theme requirement.   The record demonstrates the City's enforcement action was prompted first by Plaintiffs non-compliance with the (uncontested) code provision requiring a permit for such a sign, then Plaintiffs failure to

submit a complete permit application, and then the Plaintiffs failure to take advantage of the appeal process available to them. There is no evidence the City has *yet* taken any enforcement action in regards to the new sign based upon the City's application of the contested Bavarian-theme requirement. An injunction is inappropriate where both the possibility of future harm to the Plaintiff and the behavior the Plaintiff seeks to enjoin is purely speculative.

**C.  Caution.**

Attorney Demarest is no novitiate in litigious matters and has previously been sanctioned for inappropriate litigation and appeals by the courts of the state of Washington*. Cascade Brigade v. Economic Development Board,* 811 P. 2d 697 (Wash. App. 1991). This court is not an appropriate forum for Mr. Demarest to challenge every Sign Code action by the City of Leavenworth that he disagrees with or to attempt to intimidate the City or its officials through lawsuits.  While not prejudging the merits, or lack thereof, of the pending action, courts ordinarily refuse to hears claims where there is an adequate administrative remedy available.

**III. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (ECF No. 40) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to Plaintiffs and counsel for the Defendant.

**DATED** this 28th day of February, 2012.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE